UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MULTICARE HEALTH SYSTEM<br><br>Defendant. | NO.<br><br>LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE |

Plaintiff Lexington Insurance Company ("LEXINGTON") states its Complaint as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## THE PARTIES

2. Plaintiff LEXINGTON is a corporation doing business in Washington, organized and existing under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.

3. Defendant MultiCare Health System is a corporation organized and existing under

LEXINGTON INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT REGARDING INSURANCE
COVERAGE
-PAGE 1

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

the laws of Washington with its principal place of business in Tacoma, Washington. Upon information and belief, MultiCare Health System is a not-for-profit health care organization comprised of five hospitals, including MultiCare Tacoma General Hospital. The term "MULTICARE" used herein refers to and includes MultiCare Health System and its agents, employees and any insureds under Excess Healthcare Professional Liability – Claims Made and Healthcare Umbrella Liability – Occurrence Policy No. 6791704 (January 1, 2003 to January 1, 2004) issued by LEXINGTON to Named Insured MultiCare Health System ("LEXINGTON POLICY").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

5. An actual justiciable controversy exists between LEXINGTON and MULTICARE within the meaning of 28 U.S.C. § 2201 regarding whether LEXINGTON has a duty to defend and indemnify MULTICARE under the LEXINGTON POLICY with respect to the lawsuit, *Omar Perez, individually and as Legal Guardian of O.P. and Kerlin Vasquez v. MultiCare Health System dba Tacoma General Hospital, Peter Lee, Mary Ann Lee, David A. Hansen, Kathryn McKenzie Tonder, and Christina Hitchcock*, Case No. 15 2 18647 7 SEA, filed on or about August 3, 2015 in the Superior Court for the State of Washington, County of King ("UNDERLYING SUIT").

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and Defendant MULTICARE does business and resides in this district.

LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE -PAGE 2

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# RELEVANT FACTS

### A. Underlying Suit

8. Upon information and belief, Kerlin Vasquez was admitted to MultiCare Tacoma General Hospital in 2003.

9. Upon information and belief, O.P. was delivered at MultiCare Tacoma General Hospital in 2003.

10. Upon information and belief, Kerlin Vasquez and O.P. suffered severe, permanent injury at the time of O.P.'s delivery and will require future medical and surgical care, treatment and rehabilitation.

11. Upon information and belief, the UNDERLYING SUIT was filed on August 3, 2015 by Omar Perez, individually and as Legal Guardian of O.P. and Kerlin Vasquez against MultiCare Health System dba Tacoma General Hospital and several physicians. The Complaint includes allegations of negligence, vicarious liability and corporate negligence with respect to care provided to Kerlin Vasquez and O.P.

12. Upon information and belief, mediation is scheduled to take place in January 2017 and trial is scheduled to begin in April 2017.

### B. Notice to Underlying Carriers

13. Upon information and belief, the LEXINGTON POLICY applies in excess of three underlying policies:

(a) Upon information and belief, Physicians Insurance issued a primary Health Care Facility Liability Policy to MULTICARE, effective January 1, 2003 to January 1, 2004. Upon information and belief, the Professional Liability Coverage Part contains a $1 million per-"medical incident" limit and a $3 million aggregate limit.

(b) Upon information and belief, Zurich issued a primary Healthcare Liability Policy to MULTICARE, effective January 1, 2003 to January 1, 2004. Upon information and

LEXINGTON INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT REGARDING INSURANCE
COVERAGE
-PAGE 3

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

belief, the Professional Liability Coverage Part contains a $1 million per-"medical incident" limit and a $3 million aggregate limit.

      (c)    Upon information and belief, Zurich issued a Health Care Commercial Umbrella Liability Policy to MULTICARE, effective January 1, 2003 to January 1, 2004. Upon information and belief, the Specific Loss Limit is $10 million and the Other Aggregate Limit is $10 million. The Retained Limit is $100,000.

14. Upon information and belief, MULTICARE reported the 2003 incident to Physicians Insurance and Zurich (collectively, "UNDERLYING CARRIERS") on or around December 18, 2003.

15. Upon information and belief, MULTICARE reported the UNDERLYING SUIT to its UNDERLYING CARRIERS in 2015.

**C.    Tender to Lexington**

16. On November 15, 2016, MULTICARE tendered the UNDERLYING SUIT to LEXINGTON under the LEXINGTON POLICY.

17. MULTICARE did not provide any notice of the 2003 incident or the UNDERLYING SUIT to LEXINGTON until November 15, 2016.

**D.    Lexington's Coverage Position**

18. On January 3, 2017, LEXINGTON issued a coverage position letter to MULTICARE.

19. LEXINGTON reserved the right to decline coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY because the 2003 "medical incident" was not reported to LEXINGTON during the January 1, 2003 to January 1, 2004 policy period.

20. LEXINGTON reserved the right to decline coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY

LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE
-PAGE 4

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

because no "claim" was first made against an Insured during the January 1, 2003 to January 1, 2004 policy period or the 60-day Automatic Extended Reporting Period, and MULTICARE did not purchase an Optional Extended Reporting Period Endorsement.  The "claim" was first made when the UNDERLYING SUIT was filed on August 3, 2015.

21.     LEXINGTON reserved the right to decline coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY because MULTICARE did not comply with the notice requirements.  More specifically:

(a)     LEXINGTON reserved the right to decline coverage because MULTICARE did not provide written notice to LEXINGTON of the 2003 "medical incident" until November 15, 2016, approximately 13 years after the "medical incident" took place.  Upon information and belief, MULTICARE provided notice of the "medical incident" to its UNDERLYING CARRIERS on or around December 18, 2003.

(b)     LEXINGTON reserved the right to decline coverage because MULTICARE did not provide LEXINGTON with written notice of the "claim" "as soon as practicable" because approximately 15 months elapsed between the date the "claim" was first made, August 3, 2015 (when the Complaint was filed) and November 15, 2016, the date MULTICARE provided notice to LEXINGTON.  Furthermore, MULTICARE did not immediately send LEXINGTON copies of any demands, notices, summonses, or legal papers received in connection with the "claim."  Upon information and belief, MULTICARE provided notice of the "claim" to its UNDERLYING CARRIERS in 2015.

(c)     LEXINGTON reserved its rights as to whether MULTICARE complied with section 3 of the notice requirements in the LEXINGTON POLICY because LEXINGTON lacks sufficient information regarding the reserved amounts for the UNDERLYING SUIT, whether LEXINGTON has been named as a defendant in the UNDERLYING SUIT, and whether any underlying policies are not covering the UNDERLYING SUIT.

LEXINGTON INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT REGARDING INSURANCE
COVERAGE
 -PAGE 5

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

(d) LEXINGTON reserved the right to decline coverage because MULTICARE did not provide written notice to LEXINGTON of O.P.'s injuries until November 15, 2016, approximately 13 years after the injuries took place in 2003.

22. LEXINGTON declined coverage for the UNDERLYING SUIT under the Umbrella Liability Coverage Part of the LEXINGTON POLICY because the Patients Exclusion bars coverage.

## THE LEXINGTON POLICY

23. LEXINGTON issued Excess Healthcare Professional Liability – Claims Made and Healthcare Umbrella Liability – Occurrence Policy No. 6791704, effective January 1, 2003 to January 1, 2004, to First Named Insured MULTICARE.

24. MULTICARE did not purchase an Optional Extended Reporting Period Endorsement for the LEXINGTON POLICY.

25. The LEXINGTON POLICY contains two relevant coverage parts: an Excess Professional Liability Coverage Part and an Umbrella Liability Coverage Part.

**A.  Excess Professional Liability Coverage Part**

26. The Excess Professional Liability Coverage Part of the LEXINGTON POLICY contains the following Insuring Agreement:

> **We** will pay those sums in excess of the Retained Limit set forth in Item 5(a) of the Declaration Page and as described in Section IV., Limits of Insurance, F. Retained Limits, that **you** become legally obligated to pay others as damages resulting from a **medical incident** arising out of **professional services** provided by any **Insured**. The amount **we** will pay for damages is limited as described in Section IV., Limits of Insurance. The **medical incident** must take place on or after the retroactive date and before the end of the **policy period**. A **claim** for a **medical incident** must be first made against an **Insured** during the **policy period** or the extended reporting period, if applicable. A **claim** for a **medical incident** must be made within the coverage **territory**.

LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE
-PAGE 6

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

27. The Excess Professional Liability Coverage Part of the LEXINGTON POLICY contains the following provision regarding notice:

> C. Duties In The Event Of A **Claim**, **Suit**, or **Medical Incident**
>   1. If during the **policy period**, the **First Named Insured** shall become aware of any **Medical Incident** which may reasonably be expected to give rise to a **claim** being made against any **Insured**, the **First Named Insured** must notify **us** in writing as soon as practicable. To the extent possible, notice should include:
>       a. How, when, and where the **medical incident** took place;
>       b. The names and addresses of any injured persons and witnesses; and
>       c. The nature and location of any injury or damage arising out of the **medical incident.**
>
>   Any **claim** arising out of such **medical incident** which is subsequently made against any **Insured** and reported to **us**, shall be considered first made at the time such notice was given to **us**.
>   . . . .
>   2. If a **claim** or **suit** is brought against an **Insured** arising out of a **medical incident**, the **First Named Insured** must:
>       a. Immediately record the specifics of the **claim** or **suit** and the date received;
>       b. Provide **us** with written notice of the **claim** or **suit** or [sic] as soon as practicable; and
>       c. Immediately send **us** copies of any demands, notices, summonses, or legal papers received in connection with the **claim** or **suit**.
>   3. **You** must provide **us** with immediate written notice of:
>       a. any **claim**, either paid or reserved, for 25% or more of the limits of insurance listing in the Schedule of Underlying Insurance;
>       b. any **claim** for which **we** are named as a defendant;

LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE
-PAGE 7

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

   c. any **claim** for an **occurrence** not covered by the underlying policies listed in the Schedule of Underlying Insurance nor by any other underlying insurance providing coverage to the **Insured** in which the requested damage exceeds the Self-Insured Retention.

 4. **You** must also give **us** written notice of any injury of the following types:

   a. unexpected deaths – suicides, sudden cardiopulmonary arrest (with or without successful CPR);

   b. unanticipated neurological, sensory and/or systemic deficits brain damage, permanent paralysis including paraplegia and quadriplegia, partial or complete loss of sight or hearing, kidney failure or sepsis;

   c. birth-related injuries – maternal or fetal death, anesthesia related injuries, apgar scores at 5 minutes below 5, any infant resuscitation, fractures or dislocations;

   d. severe burns, thermal, chemical, radiological, electrical;

   e. severe internal injuries – lacerations of organ, infectious process, foreign body retention, sensory organ or reproductive organ injury

   f. substantial disability – fractures, amputation, disfigurement; and

   g. any **claim** reserved in excess of $500,000.

In addition, the **Insured** agrees to allow **us** to conduct **claims** audits at **our** discretion.

28. The LEXINGTON POLICY defines "claim" as "a written demand against an **insured** for monetary damages, including a **suit**."

29. The LEXINGTON POLICY defines "medical incident" as "any act, error or omission in the providing of or failure to provide **professional services**."

LEXINGTON INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT REGARDING INSURANCE
COVERAGE
-PAGE 8

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

**B.     Umbrella Liability Coverage Part**

30.     The Umbrella Liability Coverage Part of the LEXINGTON POLICY contains the following Bodily Injury and Property Damage Insuring Agreement:

> **We** will pay those sums in excess of the Retained Limit set forth in Item 5(b) of the Declarations and as described in Section V., Limits of Insurance, D. Retained Limits that an **Insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this Coverage Part applies.  The amount **we** will pay for damages is limited as described in Section V., Limits of Insurance.
>
> This Coverage Part applies to **bodily injury** and **property damage** only if:
> 1. The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the coverage territory; and
> 2. The **bodily injury** or **property damage** occurs during the **policy period**.

31.     The LEXINGTON POLICY defines "bodily injury" as "physical injury, sickness or disease sustained by any person, including death resulting from any of these at any time. **Bodily injury** does not include emotional distress or mental anguish unless due to physical injury, sickness or disease."

32.     The Umbrella Liability Coverage Part of the LEXINGTON POLICY contains a Patients Exclusion, which bars coverage for any liability arising out of:

> Any **bodily injury** sustained by a **patient** of any **Insured** and any **claims** or **suits** by a spouse, children, parent, grandparent, brother or sister of such patient arising out of such **bodily injury**.

33.     The LEXINGTON POLICY defines "patient" as "a person seeking or receiving, either on an inpatient, outpatient or emergency basis, any form of medical, surgical, dental or nursing care or any service or treatment."

LEXINGTON INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY
JUDGMENT REGARDING INSURANCE
COVERAGE
-PAGE 9

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT
## AS TO THE EXCESS PROFESSIONAL LIABILITY COVERAGE PART

34. LEXINGTON re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 33 above.

35. A dispute and actual justiciable controversy has arisen and now exists between LEXINGTON and MULTICARE concerning their respective rights, obligations, duties and liabilities under the LEXINGTON POLICY with respect to coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part.

36. LEXINGTON seeks a declaration that there is no coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY and that it owes no duty to defend or indemnify MULTICARE in the UNDERLYING SUIT for the following reasons:

(a) There is no coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY because MULTICARE did not report a "medical incident" to LEXINGTON during the January 1, 2003 to January 1, 2004 policy period.

(b) There is no coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY because no "claim" was first made against an Insured during the January 1, 2003 to January 1, 2004 policy period or the 60-day Automatic Extended Reporting Period, and MULTICARE did not purchase an Optional Extended Reporting Period Endorsement.

(c) There is no coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY because MULTICARE did not comply with the notice requirements. More specifically:

(1) MULTICARE did not comply with the notice requirements

LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE
-PAGE 10

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

because MULTICARE did not provide written notice of the "medical incident" to LEXINGTON "as soon as practicable" because it did not provide notice of the 2003 "medical incident" until November 15, 2016, approximately 13 years after the "medical incident" took place.

(2) MULTICARE did not comply with the notice requirements because MULTICARE did not provide LEXINGTON with written notice of the "claim" "as soon as practicable" because approximately 15 months elapsed between the date the "claim" was first made on August 3, 2015 (when the Complaint was filed) and the date MULTICARE provided notice to LEXINGTON on November 15, 2016. Furthermore, MULTICARE did not immediately send LEXINGTON copies of any demands, notices, summonses, or legal papers received in connection with the "claim."

(3) MULTICARE did not comply with the notice requirements because MULTICARE did not provide written notice to LEXINGTON of O.P.'s injuries until November 15, 2016, approximately 13 years after the injuries took place in 2003.

37. Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties and liabilities under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY with respect to coverage for the UNDERLYING SUIT.

## SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT
## AS TO THE UMBRELLA LIABILITY COVERAGE PART

38. LEXINGTON re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 37 above.

39. A dispute and actual justiciable controversy has arisen and now exists between LEXINGTON and MULTICARE concerning their respective rights, obligations, duties and liabilities under the LEXINGTON POLICY with respect to coverage for the UNDERLYING SUIT under the Umbrella Liability Coverage Part.

LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE
-PAGE 11

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

40. LEXINGTON seeks a declaration that there is no coverage for the UNDERLYING SUIT under the Umbrella Liability Coverage Part of the LEXINGTON POLICY and that it owes no duty to defend or indemnify MULTICARE in the UNDERLYING SUIT pursuant to the Patients Exclusion because Kerlin Vasquez and O.P. qualify as "patients" of an Insured.

41. Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties and liabilities under the Umbrella Liability Coverage Part of the LEXINGTON POLICY with respect to coverage for the UNDERLYING SUIT.

## PRAYER FOR RELIEF

LEXINGTON requests that the Court enter judgment against MULTICARE as follows:

42. LEXINGTON requests a declaration that there is no coverage for the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY.

43. LEXINGTON requests a declaration that it has no duty to defend or indemnify MULTICARE in connection with the UNDERLYING SUIT under the Excess Professional Liability Coverage Part of the LEXINGTON POLICY.

44. LEXINGTON requests a declaration that there is no coverage for the UNDERLYING SUIT under the Umbrella Liability Coverage Part of the LEXINGTON POLICY.

45. LEXINGTON requests a declaration that it has no duty to defend or indemnify MULTICARE in connection with the UNDERLYING SUIT under the Umbrella Liability Coverage Part of the LEXINGTON POLICY.

46. LEXINGTON requests costs of suit.

47. LEXINGTON requests such other and further relief as this Court deems just and

LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE
-PAGE 12

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

proper.

Dated:   January 20, 2017

GORDON & REES LLP

By:   *s/ Donald J. Verfurth*
By:   *s/ Neal J. Philip*
   Donald J. Verfurth WSBA #15554
   Neal J. Philip, WSBA #22350
   Attorneys for Defendant National Union
   Fire Insurance Company of Pittsburgh, Pa.
   Gordon & Rees LLP
   701 5th Avenue, Suite 2100
   Seattle, WA 98104
   Phone: (206) 695-5100
   Fax: (206) 689-2822
   dverfurth@gordonrees.com
   nphilip@gordonrees.com

LEXINGTON INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE
-PAGE 13

/31227231v.1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822